FILED
United States Court of Appeals
Tenth Circuit

August 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

BRANDON WAYNE BRIGGS,

　　　　Defendant-Appellant.

No. 11-5163

(N.D. of Okla.)

(D.C. No. 4:11-CR-00080-CVE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Brandon Briggs appeals his conviction for being a felon in possession of a firearm and requests a new trial. Briggs argues the district court plainly erred by failing to give a limiting instruction *sua sponte* regarding evidence of Briggs's past felony convictions. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM the judgment of the district court.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

*     *     *

Briggs's conviction stemmed from a 2011 encounter with Tulsa, Oklahoma police. The evidence at trial showed Briggs was sitting in the front passenger seat in a vehicle that was pulled over for speeding. The officers ordered Briggs to exit the vehicle and patted him down.[1] They discovered ammunition in the pocket of his shirt. A subsequent search of the vehicle revealed a revolver under the driver's seat.

Briggs was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He pleaded not guilty.

Before trial, the government informed the court that it would introduce evidence of Briggs's prior felony convictions—specifically, the "penitentiary pack" identifying Briggs—unless Briggs stipulated to his prior convictions. Briggs chose to not to stipulate, apparently against the advice of counsel. He reaffirmed his decision on the morning of trial after further conferring with counsel. As a result, the evidence of Briggs's prior felonies was admitted at trial to show the fact that Briggs had a prior conviction, which the government was required to prove as a part of its case in chief. Briggs did not request a limiting

---

[1] Briggs does not contest the legality of the search. The government represents that the officers were fearful for their own safety because they observed Briggs making "furtive movements toward the floorboard of the car." Aple. Br. at 3.

instruction as to the use of that evidence, and the court did not provide one *sua sponte*.

The jury convicted Briggs, and the court sentenced him to 44 months' imprisonment, within the United States Sentencing Guidelines range.

Briggs claims the district court plainly erred by admitting the evidence of his prior convictions without also giving a limiting jury instruction that such evidence was only to be used to prove the fact of Briggs's prior offenses, and not to prove his propensity to commit criminal offenses in general. Although Briggs did not request a limiting instruction, he argues the district court's action blatantly violated Federal Rule of Evidence 105, thus justifying a new trial.[2]

At the time of Briggs's trial, Rule 105 stated: "When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, *upon request*, shall restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105 (2011) (emphasis added).[3]

---

[2] Briggs does not allege any constitutional error, only non-constitutional error under the Federal Rules of Evidence.

[3] The wording of Rule 105 has since been altered slightly. The Rule now reads: "If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly." Fed. R. Evid. 105. "These changes are intended to be stylistic only." Fed. R. Evid. 105 Comm. Notes.

As Rule 105 clearly states, the district court is only required to give a limiting instruction "upon request." *Id.* "Nowhere does Rule 105 require a court to provide a *sua sponte* limiting instruction." *United States v. Simms*, 986 F.2d 1431, *5 (10th Cir. 1993) (unpublished disposition). Therefore, the district court did not plainly err by failing to do so. *Id.*; *accord United States v. Capoccia*, 247 F. App'x 311, 315 (2d Cir. 2007); *Pounds v. Bd. of Trs.*, 215 F.3d 1320, *5 n.9 (4th Cir. 2000) (unpublished opinion).[4]

The only case Briggs cites in support of his argument, *United States v. Voss*, 82 F.3d 1521 (10th Cir. 1996), does not lead to a contrary result. *Voss* did not involve Rule 105 or other evidentiary rules. *See id.* at 1529–31. Thus, *Voss* does not support a finding of plain error here—no error occurred nor were Briggs's substantial rights affected by the introduction of the evidence without a limiting instruction.

---

[4] Although these cases are unpublished, we note they are consistent with our standard four-factor test for admissibility of evidence, which incorporates the "upon request" language for limiting instructions. *See, e.g.*, *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011). And, in any event, the plain language of the rule imposes no obligation on the court to issue a limiting instruction absent a request from one of the parties.

\* \* \*

For the reasons stated, we AFFIRM the district court's judgment.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge